UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HODA SAMUEL,

    Plaintiff,

v.

DEPARTMENT OF JUSTICE, et al.,

    Defendants.

No. 2:18-cv-2343 EFB P

ORDER

Plaintiff, a pro se claimant in federal custody, brings this action against numerous defendants pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. (1971).[1] She has paid the filing fee, and the court must screen her complaint pursuant to 28 U.S.C. § 1915A.[2]

## Screening

### I. Legal Standards

Pursuant to § 1915(A)(a), the court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

---

[1] "Actions under [section] 1983 and those under *Bivens* are identical save for the replacement of a state actor under [section] 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

[2] Plaintiff has also filed an unsigned motion to amend her complaint for the purpose of adding/removing defendants. ECF No. 5.

1

1   Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     Analysis

Plaintiff's complaint contains several unrelated allegations against multiple defendants. Her first allegation attempts to invoke Federal Rule 60(d)(3) which allows for a judgment to be set aside for fraud on the court. She claims that she has been sentenced to serve a prison term of 120 months and pay restitution of over three million dollars, despite the fact that the defendants in this case - which include the federal prosecutors (Benjamin Wagner, Todd Pickel, and Sutter) in the criminal action against her – submitted a false list of victims to the district court. ECF No. 1 at 3-4. This claim is not actionable pursuant to *Bivens*, however, insofar as it seeks to set aside a

/////

criminal judgment. *See Porter v. Adams*, 244 F.3d 1006 (9th Cir. 2001) ("A section 2255 motion to the sentencing court is generally the proper vehicle for challenging a conviction.").

Second, plaintiff alleges that defendants the U.S. Department of Justice, Susan Gerson, and "other unknown officials" violated the rights of plaintiff and "other minorities like her" by denying her requests under the Freedom of Information Act ("FOIA"). ECF No. 1 at 4. It is not clear whether plaintiff is attempting to assert a separate claim under FOIA or is alleging a violation of the FOIA as a basis for a *Bivens* claim. Under either theory, the claim fails. As a threshold matter, only federal departments and agencies are proper defendants in actions arising under FOIA. *See*, *e.g.*, *Drake v. Obama,* 664 F.3d 774, 786 (9th Cir. 2011) ("We agree with the District Court that FOIA does not apply to any of the Defendants because they are all individuals, not agencies."). And, although plaintiff has named a federal agency as a defendant in this suit (the Department of Justice), this *Bivens* action may not proceed against that agency. It is well settled that no *Bivens* remedy is available against a federal agency. *See FDIC v. Meyer*, 510 U.S. 471 (1994). Further, plaintiff may not maintain a *Bivens* action against the individuals premised on their alleged violations of the FOIA. A "*Bivens* action does not lie where a comprehensive federal program, with extensive statutory remedies for any federal wrongs, shows that Congress considered the types of wrongs that could be committed in the program's administration and provided meaningful statutory remedies." *See Adams v. Johnson*, 355 F.3d 1179, 1183–84 (9th Cir.2004) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988)). The FOIA provides such remedial scheme which precludes a *Bivens* action here. *Franklin v. Drug Enforcement Admin.,* 2014 WL 2931702 at *2, (C.D. Cal., June 30, 2014)(citing *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002)).

To the extent plaintiff intends this claim to proceed solely under the FOIA for the remedy provided by that statute and separate and apart from her *Bivens* claims, she must file a separate suit. Payment of one filing fee does not grant her license to pursue as many claims against as many defendants as she would like. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ."); *see also* Fed. R. Civ. P. 20(a)(2).

Third, plaintiff alleges in broad and conclusory fashion that:

> All Defendants acting in concert nationwide, conspired to deprive the Plaintiff and other minorities that are similarly situated, of their constitutional rights to equal protection/treatment, due process of the law, their liberties and property by fraudulent means of fabricating evidence to inflate intended and actual loss amounts in thousands of criminal cases against minorities, race and sex based discrimination, when the Defendants knew the restitution orders they obtained violated statutory and constitutional law, as well as the rights of these criminal defendants, just like the Plaintiff.

ECF No. 1 at 5. Plaintiff lacks standing to assert claims for other, "similarly situated" minorities. *See Dushane v. Sacramento County Jail*, No. 2:13-cv-2518 EFB P, 2014 U.S. Dist. LEXIS 108628 at *8 (E.D. Cal. Aug. 5, 2014) ("Absent the class action device, plaintiff lacks standing to pursue claims on behalf of other inmates."); *see also McShane v. United States*, 366 F.2d 286 (9th Cir. 1966) (noting that a layperson cannot ordinarily represent the interests of a class). And, to the extent plaintiff asserts that fabricated evidence was used to obtain or enhance a criminal judgment issued against her, the proper remedy (as explained above) lies in the filing of a motion pursuant to section 2255.

Fourth, plaintiff claims that defendant Philip Ferrari injured her by "swinging the door to the court-room" into her upper right thigh on an unspecified day. ECF No. 1 at 5. She alleges that this impact resulted in her femur bone snapping on an unspecified later date which, in turn, resulted in "massive disfiguration and unbearable pain." *Id.* at 6. Plaintiff also claims that Ferrari, in some unspecified way, obstructed her from caring for her injury. *Id.* It is unclear how, assuming the truth of this allegation, Ferrari was acting on behalf of the government when he intentionally opened the door on plaintiff's leg. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law[3] requires that the defendant in a § 1983

---

[3] *Bivens* actions are judicially created equivalents to § 1983 actions allowing a plaintiff to sue a federal officer for civil rights violations under color of federal law. *Franklin v. Drug Enforcement Admin.,* 2014 WL 2931702 at *2, citing, *e.g., Carlson v. Green*, 446 U.S. 14, 18 (1980) and *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991) (§ 1983 and Bivens action same except for replacement of state actor under § 1983 with federal actor under Bivens). The defendant here is a federal actor and thus the question is whether plaintiff's allegations show that the act of swinging the door are sufficient to state a claim under *Bivens*. Plaintiff pleads only facts that, if true, appear to represent at most a state tort claim.

4

action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal quotation marks omitted). Plaintiff has not alleged facts demonstrating anything beyond a typical common law tort claim and she has not alleged compliance with and exhaustion of the Federal Torts Claim Act as to this claim.

Additionally, in a separate case before this district, Judge Newman determined that the proper venue for this claim was the Northern District of Texas, Fort Worth Division. *See Samuel v. United States of America*, 2:15-cv-2241 JAM KJN, ECF No. 4.

Fifth, plaintiff alleges that defendant Michelle LeCroy committed perjury when, during plaintiff's criminal proceedings, she submitted a "justification to go after all of the [p]laintiff's assets." ECF No. 1 at 6. Part of LeCroy's justification was the assertion, made under oath, that plaintiff had not disclosed her financial records. *Id.* Plaintiff claims that the foregoing assertion was perjury insofar as all relevant financial information had, in fact, been disclosed. *Id.* at 6-7. The complaint does not make clear how LeCroy's alleged perjury actually prejudiced plaintiff, however. Plaintiff does not, for instance, allege that LeCroy's testimony was material to her ultimate conviction or to the sentence she received. The U.S. Court of Appeals for the Ninth Circuit has held that perjury is only actionable under section 1983 (and consequently *Bivens*) where it can be causally connected to a failure to succeed in a legal proceeding. *See Karim-Panahi v. Los Angeles Police Dept*, 839 F.2d 621, 625 (9th Cir. 1988). Plaintiff's allegations failed to draw such a connection.

Sixth, plaintiff raises a separate FOIA claim against the United States Trustee Scott Sackett, whom plaintiff alleges ignored her request for unspecified documents. ECF No. 1 at 7. As explained *supra*, a FOIA claim may not proceed against individuals; it may only proceed against a federal agency.

Finally, plaintiff alleges that a conspiracy existed between U.S. Bankruptcy Judge Michael McManus, prosecutors, and the United States Trustee to "accelerate the liquidation of the [p]laintiff's family assets for pennies on the dollar . . . ." *Id.* Plaintiff alleges that Judge McManus failed to obtain an independent appraisal of the relevant assets and instead sought to

5

benefit buyers with whom he had a previous, undisclosed relationship. *Id.* at 7-8. This claim, like much of the complaint, is short on specifics. Plaintiff fails to allege the contours of the alleged conspiracy, including how defendants other than McManus were involved. Nor does plaintiff explain whom Judge McManus sought to benefit by declining to obtain an independent appraisal of the assets. In any event, judicial immunity bars any claims brought against Judge McManus for actions taken in his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

<u>Leave to Amend</u>

The complaint, as currently articulated, fails to allege a cognizable claim. Plaintiff will be given one opportunity to amend her deficient complaint in order to state a cognizable *Bivens* claim. She is cautioned that her FOIA claims must be brought in separate suits, however, insofar as federal agencies are the only proper defendants in those actions (and are not proper defendants in a *Bivens* action).

Further, she is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving her of her constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to her federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor, as she was warned above, may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on her legal claims. She should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants she names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

### Conclusion

Also pending are plaintiff's motion to amend complaint (ECF No. 5) and defendant Sackett's motion to dismiss the complaint (ECF No. 7). Given that plaintiff's complaint is dismissed with leave to amend on screening, the court will deny both of these motions as moot.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order;

2. Failure to comply with any part of this this order may result in dismissal of this action;

3. Plaintiff's motion to amend (ECF No. 5) is denied as moot; and

4. Defendant Sackett's motion to dismiss (ECF No. 7) is denied as moot.

DATED: November 27, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE