1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HODA SAMUEL,

                    Plaintiff,

        v.

DEPARTMENT OF JUSTICE, et al.,

                    Defendants.

No.  2:18-cv-2343-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff, a pro se claimant in federal custody, brings this action against numerous defendants pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 288 (1971).[1]  After dismissal of her prior complaints pursuant to 28 U.S.C. § 1915A (ECF Nos. 9, 21), she has filed a third amended complaint (ECF No. 24), which the court must now screen.[2]

/////

/////

/////

---

[1] "Actions under [section] 1983 and those under *Bivens* are identical save for the replacement of a state actor under [section] 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

[2] Pursuant to § 1915(A)(a), the court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

In its most recent screening order, the court analyzed plaintiff's first and second amended

complaints pursuant to § 1915A as follows:

> Plaintiff's first and second amended complaints do not cure the deficiencies identified in the court's original screening order. *See* ECF No. 9. Notably, plaintiff continues to collaterally attack her criminal conviction and sentence. A section 2255 motion to the sentencing court, however, is generally the proper vehicle for challenging a conviction.[3] *See Porter v. Adams*, 244 F.3d 1006 (9th Cir. 2001). Plaintiff's scattered assertions – that she received a harsher sentence because of racial discrimination; that her sentence is unconstitutional; that her judgment should be set aside for fraud on the court; that she was deprived of her Sixth Amendment right to counsel; and that her conviction was obtained through fabricated evidence – may not be properly brought through this *Bivens* action. *See* ECF No. 16 at 2-3, 8, 19; ECF No. 20 at 3-6, 8, 10, 11-18.
>
> What remains of the amended complaints cannot survive screening. It is unduly burdensome to dissect plaintiff's convoluted and needlessly detailed filings to determine which claims she intends to assert against any of the ten individually named defendants, along with "*all* known and unknown government employees of the United States of America in the Eastern District of California," particularly when they are referred to collectively as "defendants." *See generally* ECF Nos. 16 & 20 (emphasis added). Further, the difficulty in understanding the specifics of plaintiff's allegations and how, if at all, each defendant was directly responsible for any violation of plaintiff's rights, convinces the court that the complaint does not put defendants on notice of the claims against them. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (holding that a sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them.").

ECF No. 21 at 1-2.

Plaintiff's third amended complaint (ECF No. 24) suffers from all the deficiencies

previously identified. First, she continues to collaterally attack her conviction through allegations

that: (1) she received a harsher sentence because of racial discrimination (*id.* at 5-6); (2) her

conviction and/or sentence is unconstitutional (*id.* at 11, 14, 18, 19-20, 24); (3) the judgment

should be set aside for fraud on the court (*id.* at 16); (4) she was deprived of her Sixth

Amendment right to counsel (*id.* at 5, 6, 7, 14, 18, 20, 22); and (5) the conviction was obtained

through fabricated evidence (*id.* at 6, 7, 8, 11, 13). Plaintiff essentially recites the same – largely

unintelligible – allegations as those in her prior complaints. The edits she has made by way of her

---

[3] The court notes that plaintiff has filed such a motion, which remains pending in her criminal case. *See United States v. Samuel*, 2:10-cr-0223-JAM-KJN (E.D. Cal.), ECF No. 802.

third amended complaint in no way cure the deficiencies the court has identified.  Thus, the third amended complaint (ECF No. 24) must be dismissed for the reasons stated in the court's prior screening order (ECF Nos. 9, 21) as improperly attacking her criminal conviction and sentence and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

Leave to Amend

The court has afforded plaintiff two chances to amend her complaint, yet her amendments have not been responsive to the court's screening orders.  Consequently, it declines to offer her further opportunity to amend. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

Conclusion

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's third amended complaint (ECF No. 24) be DISMISSED without leave to amend and the Clerk be directed to CLOSE the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 5, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE